IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PATRICIA GERALDINA GONZALEZ MAASS, | § § § § | |
| *Plaintiff,* | § § | 5:25-CV-00259-FB-RBF |
| vs. | § § § | |
| UNITED STATES OF AMERICA, | § § § | |
| *Defendant.* | § § § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Defendant United States' Motion to Dismiss Plaintiff Patricia Geraldina Gonzalez Maas's Petition to Quash Third-Party Summons, Dkt. No. 4 (Mot. or Motion); *see* Dkt. Nos. 5 (Response), 6 (Reply). Also before the Court is Plaintiff's Motion for Leave to File to Cure Late Service, Dkt. No. 3. This case was referred by the District Judge for disposition of all pre-trial matters, pursuant to Rule CV-72 and Appendix C to the Local Rules for the United States District Court for the Western District of Texas. *See* Dkt. No. 2. Authority to enter this recommendation stems from 28 U.S.C. § 636(b)(1)(B).

For the reasons set forth below, Defendant's Motion to Dismiss, Dkt. No. 4, should be **GRANTED**, and this case should be dismissed without prejudice for lack of jurisdiction. As such, Plaintiff's Motion for Leave to Cure Late Service, Dkt. No. 3, is **MOOT**.

**Factual and Procedural Background**

Plaintiff resides in San Antonio, Texas and maintains financial accounts at Merrill Lynch, Pierce, Fenner, & Smith ("Merrill Lynch"). Dkt. No. 1 (Pet.) at 2. The Internal Revenue Service ("IRS") issued a third-party summons to Merrill Lynch in Jacksonville, Florida to produce financial records concerning Plaintiff. *Id*.; *see also* Dkt. No. 1-1 at 4 (Notice of Summons).

Plaintiff is currently under civil audit by the Mexican government for her 2022 income taxes. Pet. ¶¶ 2, 3. In connection with this audit, Mexico's Servicio de Administración Tributaria (SAT) made a request to the IRS to summons Plaintiff's financial records from Merrill Lynch. *Id.* ¶¶ 1, 2. Pursuant to SAT's request, IRS Tax Law Specialist Javier Martinez issued the requested IRS summons to Merrill Lynch requiring Merrill Lynch to appear before the IRS "to give testimony" and "produce for examination" specified "books, records, papers, and other data relating to the tax liability . . . or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning [Plaintiff]." Notice of Summons at 4; *see also* Mot. at 3. Notably, Martinez sent the summons to Merrill Lynch at an address in Jacksonville, Florida. *See* Notice of Summons at 4. Thereafter, Martinez sent notice of this third-party summons to Plaintiff. *See id.* at 3.

On February 28, 2025, Plaintiff received notice of the summons issued by the IRS. Pet. at 1. On March 10, 2025, Plaintiff filed this action to quash the summons pursuant to 26 U.S.C. § 7609(h)(1). *See* Pet. On March 28, 2025, Plaintiff filed a Motion for Leave to Cure Late Service. *See* Dkt. No. 3. In her motion, Plaintiff indicates that she mailed, via certified mail, copies of her Petition to Quash to the IRS Office that issued the summons and to Merrill Lynch. *Id*. at 1–2. Merrill Lynch never received the petition. *Id*. at 2. On March 27, 2025, Plaintiff attempted to effect

personal service on the U.S. Attorney's Office by personally delivering a copy of the petition to the Civil Process Clerk of the U.S. Attorney's Office. *Id*.

Defendant now moves to dismiss Plaintiff's Petition to Quash on the basis that this Court lacks subject matter jurisdiction. *See* Mot. In the alternative, Defendant seeks summary denial of Plaintiff's petition. *See id*.

**Analysis**

Dismissal is proper under Rule 12(b)(1) "for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citation omitted). In ruling on a Rule 12(b)(1) motion to dismiss, the Court "has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

Challenges to the Court's subject matter jurisdiction can be facial or factual. *See Williamson*, 645 F.2d at 412–13. A party presents a factual attack on the Court's jurisdiction when their jurisdictional challenge is supported by evidentiary materials such as affidavits and testimony. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). "Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Williamson*, 645 F.2d at 412–13 (citation omitted). The

plaintiff's allegations are not presumptively true, and "the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id*. at 413. In evaluating its jurisdiction, the Court can consider materials such as affidavits and regulations when relevant to the issue of jurisdiction. *Poindexter v. United States*, 777 F.2d 231, 236 (5th Cir. 1985).

      **A.     This Court Lacks Jurisdiction Because the Summons Was Issued to a Third-Party Outside of This Judicial District.**

The IRS may issue a summons requiring a third-party to produce records or testimony in connection to a taxpayer's financial activities or tax liability. 26 U.S.C. § 7609; *Masat v. United States*, 745 F.2d 985, 987 (5th Cir. 1984). Sections 7609(a)(1) and (b)(2) grant the taxpayer who is the subject of the summons the right to receive notice of and challenge the summons through a proceeding to quash. 27 U.S.C. § 7609(a)(1), (b)(2). Here, the parties do not dispute that Plaintiff is the subject of the summons issued by the IRS to Merrill Lynch. *See* Pet. ¶¶ 1, 2; *see also* Mot. at 2. Nor do the parties dispute that Plaintiff has the right to challenge the summons through a petition to quash. *Id*.

The parties dispute the import of the language and the scope of 26 U.S.C. § 7609(h)(1), which states:

> The United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceeding brought under subsection (b)(2), (f), or (g). An order denying the petition shall be deemed a final order which may be appealed.

Plaintiff asserts that jurisdiction in this Court is proper because § 7609(h) "grants jurisdiction to the district court where the person identified in the summons (Plaintiff) resides." Pet. at 1. This misapprehends the plain text of § 7609(h)(1), which establishes jurisdiction in the

4

district where the "person to be summoned"—in this case, Merrill Lynch—"resides or is found." 26 U.S.C. § 7609(h)(1).

Assuming Plaintiff does not intend to misquote the statutory text but rather attempts to construe § 7609(h)(1) as indicating a preferred venue rather than a jurisdictional limitation, this would fail to assist Plaintiff. Fifth Circuit precedent clearly establishes § 7609(h)(1) as a jurisdictional limitation such that jurisdiction to quash an IRS summons to a third-party record keeper is exclusive in "the district where the third-party record keeper[] reside[s]." *Deal v. United States*, 759 F.2d 442, 444 (5th Cir. 2011) (per curiam) (citation omitted); *see also Masat*, 745 F.2d at 987 ("The provision conferring jurisdiction on the district in which the summoned person is found . . . is not intended to permit a summons directed to a third-person recordkeeper at that recordkeeper's residence to be challenged wherever else in the world the recordkeeper may be found."). Because the summons in dispute was issued to Merrill Lynch at an address outside of this district, and because there is no argument or evidence before the Court that Merrill Lynch (rather than Plaintiff) resides in this district (perhaps in addition to residing in Florida), this Court lacks jurisdiction.

## B. The Court Does Not Address the Merits of the Motion to Quash.

Defendant, in addition to jurisdictional arguments, presents grounds to summarily deny Plaintiff's petition. *See* Mot. Because this Court lacks jurisdiction, those arguments are not addressed here.

## C. The Court Does Not Address the Motion for Leave to Cure.

Plaintiff seeks leave to properly serve Merrill Lynch and to consider her untimely, hand delivering of her petition to the U.S. Attorney's office as proper and timely. *See* Dkt. No. 3. But

because this Court lacks jurisdiction over Plaintiff's claim, this Court need not address the substantive merits of this motion. As such, Plaintiff's Motion, Dkt. No. 3, is **MOOT**.

## Conclusion and Recommendation

For these reasons, it is recommended that Defendant's Motion to Dismiss, Dkt. No. 4, be **GRANTED** and the Case should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**IT IS ORDERED** that Plaintiff's Motion For Leave to Cure Late Service, Dkt. No. 3, is **MOOTED**.

Having considered and acted upon all matters for which the above-entitled and numbered case was referred, **IT IS ORDERED** that the above-entitled and numbered case is **RETURNED** to the District Court for all purposes.

## Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections, responses, and replies must comply with the same page limits as other filings, unless otherwise excused by the district court's standing orders. *See* Rule CV-7. The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous,

conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED**.

**SIGNED** this 12th day of December, 2025.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE